UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BARRY WAYNE RAYNER**                                                          **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 3:09-CV-P488-M**

**CITY OF LOUISVILLE METRO et al.**                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Barry Wayne Rayner, has filed a *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983 (DN 1). His complaint involves allegations that he is unable to adequately proceed *pro se* in his criminal trials in four Kentucky counties -- Jefferson, Bullitt, Franklin, and Spencer -- due to his inability to access legal materials and books. He also alleges that the public defenders who have been appointed to represent him are ineffective due to the workload of Kentucky public defenders, "forcing" him to represent himself.[1]

Plaintiff has filed an emergency motion for a temporary restraining order and preliminary injunction (DN 3) and an amended emergency motion for a temporary restraining order and preliminary injunction (DN 5). After consideration, for the following reasons, those motions will be denied.

In his first emergency motion, Plaintiff alleges that Louisville Metro Detention Center (LMDC), where he is a pretrial detainee, has denied him access to law books, witnesses, and other tools, including legal aids, to prepare his defense in criminal state-court prosecutions against him.

In his second emergency motion, Plaintiff essentially alleges that he is separated from his legal materials and unable to receive legal mail sent to him at LMDC while he is housed at Bullitt County and that he is being housed in Bullitt County Detention Center (BCDC) for extended

---

[1] He states that his mother has retained counsel for him in Jefferson County.

periods of time as a result of a conspiracy between LMDC and BCDC to retaliate against him and to cause him to miss hearings in Jefferson County. He also alleges in his motion that he is being coerced in hearings designed to negotiate a "global" settlement of his state criminal cases in the form of being given a short time to accept deals, being encouraged to take the deals by the state court judge, and then being warned of the consequences of not taking the deals. He claims that he has been "forced" to conduct his own defense because of the inadequacies of the public defender's office and is scheduled for trial in Bullitt County on July 30, 2009, without counsel or access to legal materials or witnesses. As relief in both motions, he requests that the Court enjoin the Defendant municipalities from his illegal detention and continued prosecution.

"There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). The Court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of the plaintiff's case on the other factors. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 657 (6th Cir. 1996). The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue. *Int'l Longshoremen's Ass'n,* 927 F.2d at 903.

With regard to the first factor, the likelihood of success of the merits, this factor weighs in favor of denying the motions as Plaintiff's likelihood of success is low. In order to state a claim under § 1983, the plaintiff must allege both a violation of a right or rights secured by the

Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Even when an inmate claims his access to the courts was denied *merely* because he was denied access to the prison library, or certain books, he fails to state a claim absent any showing of prejudice to his litigation. *Walker*, 771 F.2d at 932. In order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

"[A] prisoner's constitutionally-guaranteed right of access to the courts [is] protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, *or the assistance of legally trained personnel*." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (per curiam) (emphasis added)); *see also Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (holding no constitutional violation where jail provided legal material upon request and inmate was represented by appointed counsel during his criminal case since constitution only requires adequate law library or appointed counsel). In *Holt*, the Sixth Circuit held that where an inmate was offered legal counsel but did not choose to avail himself of that legal counsel until the day before trial, his constitutional access to courts was not violated. *Holt*, 702 F.2d at 640-41. Where a pretrial detainee is represented by counsel, a jail cannot be said to

have interfered with his right of access to the courts regardless of the nature of its law library, as the access right is adequately protected by the inmate's legal counsel. *Leveye v. Metro. Public Defender's Office*, 73 F. App'x. 792, 794 (6th Cir. 2003). Thus, the fact that Plaintiff has been offered the services of a public defender in his cases adequately protects his right of access to the courts.

Moreover, the likelihood of success on the merits is slim because pursuant to the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger* abstention in civil cases requires the satisfaction of three elements. "Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff has pending criminal cases, over which the state has an important interest in adjudicating. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with on-going Kentucky state court proceedings. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time. In a case such as this where there are ongoing state criminal proceedings, the Court must abstain from interfering in the state court actions. *See Leveye*, 73 F. App'x. at 794 (affirming district court's dismissal based on *Younger* abstention of pretrial detainee's suit regarding access to courts where state criminal proceeding was ongoing).

With regard to the second element, whether Plaintiff would be irreparably harmed, this factor also weighs against granting the motions. To demonstrate irreparable harm, the plaintiff must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Plaintiff has not shown that he has suffered any actual harm in his criminal cases as they are ongoing, and he has not been convicted yet. Moreover, if the Plaintiff is convicted and sentenced in his pending criminal cases, he has the remedy of filing a direct appeal. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). If his direct appeal is unsuccessful, Plaintiff can file an application for post-conviction relief. The Court also notes that despite contending with four prosecutions in four different counties and being incarcerated with allegedly inadequate legal resources, Plaintiff has managed to file in this case a lengthy complaint of over 50 pages and two emergency motions.

The third and fourth elements also weigh against grant of preliminary relief. The Commonwealth of Kentucky undoubtedly has an interest in prosecuting criminal cases, and the public would be harmed by the federal court interfering with the state's criminal justice process.

Accordingly, **IT IS ORDERED** that Plaintiff's motions for preliminary injunctive relief (DNs 3 and 5) are **DENIED**.

Date:

cc:     Plaintiff, *pro se*
4414.009